IN THE SUPREME COURT OF THE STATE OF NEVADA

CANALYSIS NEVADA, LLC, A
NEVADA LIMITED-LIABILITY
COMPANY,
Appellant.
vs.
DESERT TESTING, LLC, A NEVADA
LIMITED-LIABILITY COMPANY,
Respondent.

No. 78438

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a special motion to dismiss pursuant to NRS 41.660.[1] Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Appellant Canalysis Nevada, LLC, and respondent Desert Testing, LLC, entered into a settlement agreement in 2015 whereby Canalysis Nevada agreed to execute a promissory note in exchange for Desert Testing's dismissal of its claims with prejudice. In February 2017, Desert Testing notified Canalysis Nevada that payment on the promissory note was overdue; Canalysis Nevada's counsel responded by email indicating that Canalysis Nevada would pay the amount due and was "planning on paying the late payment fee, too." In February 2018, Canalysis Nevada, already behind on payments, failed to make the final payoff pursuant to the terms of the promissory note.

Desert Testing subsequently filed a complaint against Canalysis Nevada for, inter alia, breach of the settlement agreement and the promissory note and intentional misrepresentation. The complaint

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-14590

alleged that Canalysis Nevada had falsely represented an intention to abide by the terms of the promissory note in order to induce Desert Testing to delay filing suit to enforce the terms of the promissory note. Canalysis Nevada filed an anti-SLAPP special motion to dismiss the intentional misrepresentation claim, arguing that the statement supporting that claim was made during a judicially-mandated settlement conference and thus was a protected good-faith communication under NRS 41.637(3). The district court denied the anti-SLAPP motion, finding that the statement was made in a 2017 email rather than during the 2015 settlement conference and was not a protected communication under the anti-SLAPP statutes.

Canalysis Nevada argues on appeal that the district court erred in denying the anti-SLAPP motion because the statement at issue met NRS 41.637(3)'s definition and Desert Testing did not show a likelihood of prevailing on the merits. We disagree. We review de novo the district court's denial of an anti-SLAPP motion. *Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019). Under the burden-shifting framework of our anti-SLAPP statutes, a defendant must first demonstrate that the plaintiff's claim arises from a protected good-faith communication before the burden shifts to the plaintiff to demonstrate the merits of its claim. *See id.* at 10, 432 P.3d at 748. A good faith communication, as relevant here, is one "made in direct connection with an issue under consideration by a . . . judicial body." NRS 41.637(3).

We conclude the district court did not err in finding that the statement that formed the basis of the intentional misrepresentation claim is not a protected communication under NRS 41.637(3). The statement was made in an email to Desert Testing over a year after the settlement conference occurred and an agreement was reached. The mere

fact that Canalysis Nevada's obligations under the promissory note arose out of a judicially-mandated settlement conference did not render any later communication about the promissory note a protected communication under NRS 41.637(3). Despite Canalysis Nevada's argument to the contrary, the statement at issue was not made during the settlement negotiations and is not the type of communication entitled to anti-SLAPP protection. Because Canalysis Nevada failed to meet its burden of showing the claim was based on a "good faith communication," the district court properly denied the anti-SLAPP motion.[2] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Cadish

---

[2]We note that Desert Testing argues that the anti-SLAPP motion should not have been considered on the merits because it was untimely, as it was filed well after the 60-day filing period in NRS 41.660(2). The district court has discretion to extend the time for filing an anti-SLAPP motion "for good cause shown," NRS 41.660(2), or if an extension "would serve the interests of justice," NRS 41.660(6). Canalysis Nevada argued in the proceedings below that *Patin v. Ton Vinh Lee*, 134 Nev. 722, 429 P.3d 1248 (2018), provided "good cause" for the delay. Though the district court made no explicit finding that "good cause" was shown or that the "interests of justice" were served by allowing the untimely filing, we conclude that such a finding was implicit in the district court's order and that the district court acted within its discretion in considering the merits motion.

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Kristine M. Kuzemka, Settlement Judge
Ashcraft & Barr LLP
Iglody Law, PLLC
McLetchie Law
Eighth District Court Clerk