# IN THE SUPREME COURT OF THE STATE OF NEVADA

JORGEN NIELSEN, AN INDIVIDUAL,
Appellant,
vs.
STEVE WYNN, AN INDIVIDUAL,
Respondent.

No. 77361

FILED

SEP 01 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order denying a special motion to dismiss a defamation claim. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.[1]

Appellant Jorgen Nielsen, former Artistic Director of Wynn Las Vegas and Encore salons, went on record with national media outlets about respondent Steve Wynn's alleged misconduct against Wynn Resorts, Ltd. employees. Wynn sued Nielsen for defamation, and Nielsen moved to dismiss under Nevada's anti-strategic lawsuit against public participation (anti-SLAPP) statutes. The district court denied Nielsen's motion under the first prong of the anti-SLAPP analysis, concluding that Nielsen failed to establish that Wynn's defamation claim was "based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). Nielsen appealed.[2] Reviewing a district court's denial of an

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Nielsen also moved for reconsideration, which the district court denied.

20-32167

anti-SLAPP motion to dismiss de novo, *Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019), we reverse and remand.

Under the first prong of an anti-SLAPP analysis, a defendant must show, "by a preponderance of the evidence, that the [plaintiff's] claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). Relevant here, a "good faith communication" is a "[c]ommunication made in direct connection with an issue of public interest in a place open to the public or in a public forum, which is truthful or is made without knowledge of its falsehood." NRS 41.637(4); *see Shapiro v. Welt*, 133 Nev. 35, 40, 389 P.3d 262, 268 (2017) ("[N]o communication falls within the purview of NRS 41.660 unless it is truthful or is made without knowledge of its falsehood." (internal quotation marks omitted)). In determining whether a communication was "made in good faith, the court must consider the 'gist or sting' of the communication[ ] as a whole, rather than parsing individual words." *Rosen v. Tarkanian*, 135 Nev. 436, 437, 453 P.3d 1220, 1222 (2019) (internal quotation marks omitted).

We conclude that Nielsen's communication to national media outlets about Wynn's alleged harassment of his employees was made in direct connection with an issue of public interest in a public forum. *See Shapiro*, 133 Nev. at 39, 389 P.3d at 268 (adopting guiding principles on what constitutes "public interest"); *Damon v. Ocean Hills Journalism Club*, 102 Cal. Rptr. 2d 205, 209, 212 (Ct. App. 2000) (holding that a "public forum" is defined as a place that is open to the public or where information is freely exchanged, regardless of whether it is uninhibited or controlled).

Furthermore, we conclude that Nielsen demonstrated that the gist of his communication was truthful or made without knowledge of its falsehood. In an affidavit, Nielsen declared that the allegedly defamatory statements attributed to him were fairly accurate and truthful, explaining that the only discrepancy was that he did not tell ABC News that Wynn chased a manager. *See Delucchi v. Songer*, 133 Nev. 290, 300, 396 P.3d 826, 833 (2017) (holding that a defendant demonstrated that his communication was true or made without knowledge of its falsehood when, in a declaration, he stated that the information contained in his communication "was truthful to the best of his knowledge, and he made no statements he knew to be false" (alterations omitted)); *see also Taylor v. Colon*, 136 Nev., Adv. Op. ___, ___ P.3d ___, ___ (2020) (holding that a declarant denying that he made a communication constituted a showing of good faith). Furthermore, the truthfulness of Nielsen's communication was corroborated by June Doe's declaration explaining the harassment she experienced.[3] Finally, while Wynn presented some evidence of alleged falsities contained in

---

[3]We reject Wynn's argument that Nielsen's affidavit and Doe's declaration were invalid. Each attestation was properly based on the attester's personal knowledge unless explicitly stated, and neither was impermissibly conclusory, vague, or reliant on inadmissible hearsay. *See* NRS 41.660(3)(d); NRCP 56(c)(4). Furthermore, we reject Wynn's argument that Doe's declaration was invalid because it lacked her name. Doe adequately identified herself as a current Wynn Resorts, Ltd. employee who feared further humiliation, and identification under EDCR 2.21(b) need not necessarily include a declarant's name. Doe is also entitled to confidentiality due to her discrimination claim with the United States Equal Employment Opportunity Commission, 42 U.S.C. § 2000e-5(b) (2012), and offered to provide further testimony to the court in a confidential manner.

Nielsen's communication as well as Nielsen's potential motivation to lie, he ultimately did not establish that Nielsen made his communication with knowledge of its falsehood.

Because Nielsen showed that his communication was made in direct connection with an issue of public interest in a public forum, and was truthful or made without knowledge of its falsehood, we hold that he met his burden under the first prong of the anti-SLAPP analysis. We therefore reverse the district court's order and remand for the district court to proceed to the second prong of the anti-SLAPP analysis, decide whether limited discovery is appropriate, and make further findings consistent with this order.[4]

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMANDED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

---

[4]Because we rely only on Nielsen's affidavit and Doe's declaration in our determination, we need not address whether it is appropriate for the district court to consider the sixteen articles Nielsen attached to his anti-SLAPP motion to dismiss or the investigative report he attached to his motion for reconsideration.

cc: Hon. Tierra Danielle Jones, District Judge
M. Nelson Segel, Settlement Judge
Maier Gutierrez & Associates
Gilbert & England Law Office
Christiansen Law Offices
Peterson Baker, PLLC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A