# IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN MARCUS, AN INDIVIDUAL,
Appellant,
vs.
FULL COLOR GAMES, INC., A
NEVADA CORPORATION,
Respondent.

No. 79512

FILED

OCT 2 0 2020

CLERK ... COURT
BY _____

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying an anti-SLAPP motion to dismiss in a tort action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

Appellant Brian Marcus invested in respondent Full Color Games, Inc. (FCGI) so that FCGI could develop and market products for use with electronic card games. Several years later, some of FCGI's shareholders filed a derivative action against FCGI's founders and related entities regarding disputes over FCGI's intellectual property rights. Marcus did not join the derivative action but submitted a declaration supporting the derivative plaintiffs' opposition to a summary judgment motion in that action. Thereafter, FCGI filed a third-party complaint against Marcus alleging that his declaration contained multiple false statements and that he was part of a racketeering enterprise with other shareholders in order to steal the intellectual property rights to FCGI's products. Marcus filed an anti-SLAPP special motion to dismiss alleging that FCGI filed its claims against him in retaliation for the declaration filed in the derivative action. Marcus now appeals the district court order denying that motion.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-38492

Nevada's anti-SLAPP statutes require the district court to undertake a two-prong analysis when reviewing a special motion to dismiss pursuant to NRS 41.660. *See* NRS 41.660(3)(a)-(b). First, the moving party must demonstrate that the claims against him are based on protected good faith communications. *See* NRS 41.660(3)(a); *see also* NRS 41.637 (defining good faith communications protected under Nevada's anti-SLAPP statutes). In order to satisfy the first prong, the moving party must show that all of his alleged conduct constitutes good faith communications under "one of the four categories enumerated in NRS 41.637 and 'is truthful or is made without knowledge of its falsehood.'" *Delucchi v. Songer*, 133 Nev. 290, 299, 396 P.3d 826, 833 (2017) (quoting NRS 41.637). If the moving party fails to meet his burden under the first prong, "the inquiry ends . . . and the case advances." *Coker v. Sassone*, 135 Nev. 8, 12, 432 P.3d 746, 749 (2019).

Here, the district court denied Marcus' anti-SLAPP motion without reaching the second prong because it found Marcus failed to demonstrate that all of FCGI's claims against him were based upon protected good faith communications. Reviewing de novo, *id.* at 10, 432 P.3d at 748-49, we agree. Although Marcus' declaration could qualify as a good faith communication protected by Nevada's anti-SLAPP statutes, *see* NRS 41.637(3) (providing that a written statement made in connection with an issue under consideration by a judicial body is a protected good faith communication), FCGI's third-party complaint also alleged claims based on actions other than Marcus submitting his signed declaration.[2] For example,

---

[2]We decline to consider Marcus' argument that the district court was required to look to the "principal thrust or gravamen" of FCGI's claims to determine whether they were based upon protected communications because he raised this argument for the first time in his reply brief on appeal. *See Bongiovi v. Sullivan*, 122 Nev. 556, 570 n.5, 138 P.3d 433, 444 n.5 (2006) (declining to consider argument raised in reply brief but not in

the third-party complaint also alleges that Marcus participated in a racketeering enterprise with other shareholders and seeks declaratory relief divesting Marcus of his shares in FCGI. As Marcus did not meet his burden under prong one of the anti-SLAPP analysis, the district court did not err in denying Marcus' special motion to dismiss and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.          _____, J.
Stiglich                                              Silver

cc:    Hon. Mark R. Denton, District Judge
       Persi J. Mishel, Settlement Judge
       Maier Gutierrez & Associates
       Hogan Hulet PLLC
       Eighth District Court Clerk

---

opening brief because NRAP 28(c) limits reply briefs to answering any new matter set forth in the opposing brief); *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that an argument not raised in the district court is "waived and will not be considered on appeal").

[3]Given our conclusion, we need not address Marcus' arguments as to whether FCGI satisfied the second prong of the anti-SLAPP statute by showing "with prima facie evidence a probability of prevailing on [its] claim[s]." NRS 41.660(3)(b).