IN THE SUPREME COURT OF THE STATE OF NEVADA

RICHARD NEWMAN, AN
INDIVIDUAL; NEWMAN LAW, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; AND COOPER
BLACKSTONE, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellants,
vs.
FULL COLOR GAMES, INC., A
NEVADA CORPORATION,
Respondent.

No. 79395

FILED

APR 29 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying an anti-SLAPP special motion to dismiss in a tort action.[1] Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Respondent Full Color Games, Inc. (FCGI) filed a third-party complaint against appellants Richard Newman, Newman Law, LLC, and Cooper Blackstone, LLC (collectively Newman), alleging racketeering and extortion based on Newman's demands for payment and refusal to return company files and property without a settlement agreement. Newman filed an anti-SLAPP special motion to dismiss, alleging that FCGI's claims against him were based on his sending them pre-litigation demand emails seeking redress for damages incurred by FCGI's breach of agreement, which he contended were protected good-faith communications under NRS 41.637(3). FCGI argued in opposition that the emails were attempts at

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-12366

extortion and were not made in anticipation of litigation. The district court held a hearing on the motion and denied it, and Newman now appeals.

We review de novo the district court's denial of an anti-SLAPP motion. *Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019). Under the burden-shifting framework of our anti-SLAPP statutes, a defendant must first demonstrate by a preponderance of the evidence that the plaintiff's claims arise from a protected good faith communication before the burden shifts to the plaintiff to demonstrate the merits of its claims. *See id.* at 10, 432 P.3d at 748. There are four categories of "protected activity" under the anti-SLAPP statute. NRS 41.637. The category relevant here defines a "good faith communication" as one "made in direct connection with an issue under consideration by a . . . judicial body" that is "truthful or is made without knowledge of its falsehood." NRS 41.637(3).

Newman argues on appeal that the district court erred in finding that his communications were not protected under the anti-SLAPP statutes and also that the district court did not make adequate findings or provide any explanation for its decision. The district court's written order, which concludes that the anti-SLAPP statutes were "inapplicable to the communication sent by Richard Newman," refers to findings the court made at the hearing on the anti-SLAPP motion. Newman did not include in his appendix a transcript of the hearing and thus we are unable to review the district court's oral findings. *See* NRAP 30(b)(3) (providing that appellant must provide any portion of the record "essential to determination of issues raised in appellant's appeal"). We therefore presume that the missing transcript supports the district court's conclusion that Newman's communications were not protected under NRS 41.637(3). *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (stating

that it is the appellant's responsibility to make an adequate appellate record and, "[w]hen an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision"). On the record before us, we conclude that the district court did not err in finding that the communications are not protected under NRS 41.637(3). *See Neville v. Chudacoff*, 73 Cal. Rptr. 3d 383, 393 (Ct. App. 2008) (requiring protected pre-litigation statements to be "made in anticipation of litigation contemplated in good faith and under serious consideration" (internal quotation marks omitted)); *see also Flatley v. Mauro*, 139 P.3d 2, 13, 15 (Cal. 2006) (providing that activity that amounts to extortion is not entitled to anti-SLAPP protection). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Mark R. Denton, District Judge
Persi J. Mishel, Settlement Judge
Newman Law, LLC
Hogan Hulet PLLC
Eighth District Court Clerk