NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LHF PRODUCTIONS, INC.,

    Plaintiff-Counterdefendant-
Appellee,

  v.

JOHN DOES; et al.,

        Defendants,

 and

BRIAN KABALA,

    Defendant-Counterclaimant-
Appellant.

No.   19-17171
       20-15126

D.C. No.
2:16-cv-02028-JAD-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted May 6, 2021
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and DONATO,[**] District
Judge.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

Brian Kabala (Kabala) appeals (1) the district court's dismissal of his abuse of process counterclaim pursuant to Nevada's Anti-Strategic Lawsuit Against Public Participation (anti-SLAPP) statute and (2) the district court's order denying him an attorney's fee under the Copyright Act, 17 U.S.C. § 505. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review de novo the anti-SLAPP dismissal of Kabala's abuse of process claim and review for abuse of discretion the district court's denial of a motion for reconsideration. *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004); *Coker v. Sassone*, 432 P.3d 746, 749 (Nev. 2019). Under Nevada law, "[a] court must grant an anti-SLAPP special motion to dismiss where (1) the defendant shows, by a preponderance of the evidence, that the claim is based on a 'good faith communication in furtherance of . . . the right to free speech in direct connection with an issue of public concern' and (2) the plaintiff fails to show, with prima facie evidence, a probability of prevailing on the claim." *Smith v. Zilverberg*, 481 P.3d 1222, 1227 (Nev. 2021) (quoting Nev. Rev. Stat. § 41.660(3)(a) and citing § 41.660(3)(b)).

To carry his burden at the second step of this framework, Kabala had to show his abuse of process claim had "minimal merit." *Id.* at 1229. This showing required "competent, admissible evidence," *Omerza v. Fore Stars, Ltd.*, 2020 WL 406783, at *3 (Nev. Jan. 23, 2020) (unpublished), that LHF Productions (LHF) had "(1) an

2

ulterior purpose . . . other than resolving a legal dispute, and (2) a willful act in the use of the legal process not proper in the regular conduct of the proceeding," *Land Baron Inv. v. Bonnie Springs Fam. LP*, 356 P.3d 511, 519 (Nev. 2015) (internal quotation marks and citation omitted).

Kabala failed to meet this burden. He attached no declarations or evidence to his opposition to the anti-SLAPP motion, referring the district court instead to the allegations contained in his complaint. *See Omerza*, 2020 WL 406783 at *3 (explaining this is insufficient). Moreover, after reviewing the entire record before the district court and the state of federal copyright law when LHF filed its amended complaint, we also conclude there existed no competent evidence that LHF willfully and improperly misused the legal process. Therefore, the district court properly granted LHF's anti-SLAPP motion. The district court also properly denied leave for further discovery, as Kabala made no showing of essential facts that LHF possessed that could salvage his abuse of process claim. *See* Nev. Rev. Stat. § 41.660(4); *accord* Fed. R. Civ. P. 56.

2. We similarly review for abuse of discretion the district court's denial of an attorney's fee under the Copyright Act. *Tresóna Multimedia LLC v. Burbank High School Vocal Music Ass'n*, 953 F.3d 638, 644 (9th Cir. 2020). "Courts may consider (but are not limited to) five factors in making an attorneys' fees determination . . . (1) the degree of success obtained, (2) frivolousness, (3)

motivation, (4) objective reasonableness of the losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Id.* at 653 (cleaned up). The district court considered the totality of the circumstances fairly and in accordance with our case law when it reasonably determined that Kabala did not deserve an attorney's fee award in this case. Accordingly, the district court did not abuse its discretion.

**AFFIRMED.**