IN THE SUPREME COURT OF THE STATE OF NEVADA

SARAH JANEEN ROSE, AN
INDIVIDUAL,
Appellant,
vs.
DAVID JOHN ROSE, AN INDIVIDUAL,
Respondent.

No. 81859

FILED

MAR 17 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER AFFIRMING IN PART,
REVERSING IN PART, AND REMANDING*

This is an appeal from a district court order denying in part a special motion to dismiss pursuant to NRS 41.660 in a tort and contract action. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.[1] This action arises from appellant Sarah Rose and respondent David Rose's divorce proceedings, in which the parties entered a memorandum of understanding (MOU) and a subsequent stipulated divorce decree. In relevant part, the divorce decree provided that David would name Sarah as the irrevocable survivor beneficiary of David's pension (survivor benefits). David later filed the underlying complaint alleging a breach-of-contract claim based on his contention that Sarah and her attorneys improperly added the survivor benefits provision to the divorce decree.[2] Sarah then filed a special motion to dismiss under NRS

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]The complaint also included several additional claims against Sarah, her counsel, and David's former counsel, which are not at issue in this appeal.

22-08505

41.660, Nevada's statute allowing dismissal of strategic lawsuits against public participation (anti-SLAPP), which the district court denied as to the breach-of-contract claim.

Sarah argues that the district court erred by finding that David's breach-of-contract claim did not fall under NRS 41.660. Reviewing de novo, *see Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019) (clarifying that this court reviews the resolution of anti-SLAPP motions de novo), we agree. NRS 41.660(1) authorizes a litigant to file a special motion to dismiss when an action filed in court is "based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." A district court must first determine if the challenged claim meets this definition and, if it does, the burden then shifts to the nonmoving party to show a probability of prevailing on the claim. NRS 41.660(3) (setting forth a two-prong analysis for the district court).

We conclude that the district court erred on the first prong. David's breach-of-contract claim falls under NRS 41.660 because it is based on Sarah drafting a divorce decree with a term entitling her to survivor benefits, submitting that decree to the district court so that it becomes legally enforceable, and seeking to enforce the survivorship benefit. *See* NRS 41.637(3) (providing that a "[c]ommunication made in direct connection with an issue under consideration by a . . . judicial body" satisfies NRS 41.660(1)); *Navellier v. Sletten*, 52 P.3d 703, 709 (Cal. 2002) (concluding that a claim for relief filed in federal district falls under California's anti-SLAPP law); *Navarro v. IHOP Props., Inc.*, 36 Cal. Rptr. 3d 385, 391-92 (Ct. App. 2005) (finding that a plaintiff's claim that the

defendant defrauded the plaintiff into signing a stipulated judgment was subject to California's anti-SLAPP statute); *Dowling v. Zimmerman,* 103 Cal. Rptr. 2d 174 (Ct. App. 2001) (finding that claims stemming from negotiations of a stipulated settlement fell under California's anti-SLAPP statute); *see also Shapiro v. Welt,* 133 Nev. 35, 39, 389 P.3d 262, 268 (2017) (holding that California law is instructive on anti-SLAPP issues under Nevada's anti-SLAPP statutes). Thus, the district court erred under NRS 41.660's first prong in concluding that the breach-of-contract claim was not "based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern."[3] NRS 41.660(3)(a).

We therefore reverse the district court's denial of Sarah's motion to dismiss the breach-of-contract claim and remand for further proceedings consistent with this order. As the parties raise no other issues, we affirm the remainder of the district court's order.

It is so ORDERED.[4]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, Sr.J.
Gibbons

---

[3]As a result, we need not address the parties' arguments under the second prong.

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc: Chief Judge, Eighth Judicial District Court
Department 11, Eighth Judicial District Court
M. Nelson Segel, Settlement Judge
Bailey Kennedy
Cohen Johnson, LLC
Eighth District Court Clerk