# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT DARBY VANNAH, ESQ.;
JOHN BUCHCANAN GREENE, ESQ.;
ROBERT D. VANNAH, CHTD., D/B/A
VANNAH & VANNAH; EDGEWORTH
FAMILY TRUST; AMERICAN
GRATING, LLC; AND BRIAN
EDGEWORTH AND ANGELA
EDGEWORTH, INDIVIDUALLY, AS
HUSBAND AND WIFE,
Appellants,
vs.
THE LAW OFFICE OF DANIEL S.
SIMON, A PROFESSIONAL
CORPORATION; AND DANIEL S.
SIMON,
Respondents.

No. 82058

FILED

MAR 31 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

These are appeals from district court orders denying anti-SLAPP special motions to dismiss. Eighth Judicial District Court, Clark County; James Crockett, Judge.

Appellants argue that the district court erred by (1) allowing respondents to amend their complaint after they filed anti-SLAPP special motions to dismiss, and (2) relying on the amended complaint to deny their anti-SLAPP special motions to dismiss. We agree.

We review de novo the district court's denial of an anti-SLAPP special motion to dismiss. *Williams v. Lazer*, 137 Nev., Adv. Op. 44, 495 P.3d 93, 96-97 (2021). A two-step analysis guides our review. *Id.*, 495 P.3d at 97. At the first step, the defendant must show "by a preponderance of

the evidence, that the claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). If the defendant makes this showing, step two of the analysis "determine[s] whether the plaintiff has demonstrated with prima facie evidence a probability of prevailing on the claim." NRS 41.660(3)(b).

After appellants filed their anti-SLAPP special motions to dismiss, respondents filed an amended complaint. At a status hearing, the district court determined that respondents' amended complaint governed. Later, the district court relied on respondents' amended complaint to conclude appellants did not meet their burden under step one of the anti-SLAPP analysis to show that the complained-of statements were good faith communications which were truthful or made without knowledge of falsity. Thus, the district court denied appellants' anti-SLAPP special motions to dismiss at step one.

We conclude that the district court erred when it permitted respondents to file an amended complaint while the appellants' anti-SLAPP special motions to dismiss were pending and then relied on the amended complaint to deny the motions. *See Dickinson v. Cosby*, 225 Cal. Rptr. 3d 430, 450-51 (Ct. App. 2017) (explaining that a plaintiff may file an amended complaint *before* the defendant files an anti-SLAPP motion to dismiss); *Salma v. Capon*, 74 Cal. Rptr. 3d 873, 888-89 (Ct. App. 2008) (holding that a plaintiff cannot amend a complaint *after* an anti-SLAPP motion to dismiss has been filed); *see also Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019) (recognizing that this court routinely looks to California courts for guidance in applying Nevada's anti-SLAPP statutes). Because respondents' amended complaint was not filed before appellants filed their anti-SLAPP

special motions to dismiss, the district court erred by relying on respondents' amended complaint to deny appellants' anti-SLAPP special motions to dismiss. On remand, the district court should conduct its anti-SLAPP analysis based on respondents' original complaint.

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Chief Judge, Eighth Judicial District Court
       Eighth Judicial District Court, Department 24

_____

[1]Although the parties raise additional arguments regarding the district court's anti-SLAPP analysis, we need not reach them because the district court erroneously relied on respondents' amended complaint. Thus, we do not reach the parties' arguments regarding issue preclusion, the litigation privilege, whether respondents had leave of court to amend their complaint, or whether the district court erroneously denied appellants' anti-SLAPP special motions to dismiss at step one.

William C. Turner, Settlement Judge
Messner Reeves LLP
Patricia A. Marr, Ltd.
Morris Law Group
Christiansen Trial Lawyers
Eighth District Court Clerk