# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER KHORSANDI, M.D., AN INDIVIDUAL; CHRISTOPHER KHORSANDI, M.D., PLLC, A NEVADA PROFESSIONAL LLC; AND CATHERINE LE KHORSANDI, AN INDIVIDUAL,
Appellants,
vs.
SMITH PLASTIC SURGERY, INC., A NEVADA CORPORATION; AND LANE F. SMITH, M.D., AN INDIVIDUAL,
Respondents.

No. 80957

FILED

JUN 22 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying an anti-SLAPP special motion to dismiss. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

When respondents Lane F. Smith, M.D., and Smith Plastic Surgery, Inc., sued appellants Christopher Khorsandi, M.D., Christopher Khorsandi, M.D., PLLC, and Catherine Le Khorsandi over online reviews, the latter filed an anti-SLAPP special motion to dismiss and denied writing the reviews.[1] The district court found that it could not make a finding on

---

[1]Because the Khorsandi parties challenge the district court's denial of the anti-SLAPP motion, we do not address the determinations regarding their motion to dismiss under NRCP 12(b)(5). *Khorsandi v. Smith Plastic Surgery, Inc.*, Docket No. 80957, at *2 (Order Dismissing Cross-Appeal and Allowing Appeal to Proceed, Apr. 9, 2021) (determining that because the

whether the reviews had been made in good faith because the Khorsandi parties denied making them. But it also found that "if defendants did make the statements they would not be protected under the Nevada Anti-SLAPP statute" and denied the motion on that basis. The Khorsandi parties appealed, arguing that they could meet the good faith requirement by denying having made the alleged statements.

"We review de novo the grant or denial of an anti-SLAPP motion." *Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019) (internal quotation marks omitted). Nevada's anti-SLAPP statute defines "good faith communication" as a communication that is "truthful or is made without knowledge of its falsehood." NRS 41.637. This court recently clarified how to approach an anti-SLAPP motion when the moving party denies making the alleged statements: "at step one of the anti-SLAPP analysis, a district court and this court must evaluate the communication *as it is alleged* in the plaintiff's complaint and in any of the plaintiff's clarifying declarations." *Spirtos v. Yemenidjian*, 137 Nev., Adv. Op. 73, 499 P.3d 611, 616 (2021) (emphasis added).

Here, the complaint alleges that the Khorsandi parties posted negative reviews about Dr. Smith and his practice. The complaint also alleges that the Khorsandi parties never received care from Dr. Smith at all, which the Khorsandi parties do not dispute. Therefore, the statements as alleged could not have been made in good faith. The district court did not err in this finding, nor in declining to reach the second step of the analysis. *Spirtos*, 137 Nev., Adv. Op. 73, 499 P.3d at 616. Thus, we

district court's "order effectively denied appellants' special motion to dismiss," the appeal could move forward on that basis).

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

_____, J.
Pickering

_____, J.
Herndon

cc:    Hon. Eric Johnson, District Judge
      Thomas J. Tanksley, Settlement Judge
      Pisanelli Bice, PLLC
      Sgro & Roger
      Eighth Judicial District Court Clerk

---

[2]The Honorable Ron Parraguirre, Chief Justice, voluntarily recused himself from participation in the decision of this matter.