# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROGER BARNES; AND MAUREEN
BARNES,
Appellants,
vs.
SCOTCH PINE HOMEOWNERS
ASSOCIATION, INC., A NEVADA NON-
PROFIT CORPORATION; KEVIN
SENATOR, INDIVIDUALLY AND AS
DIRECTOR OF SCOTCH PINE
HOMEOWNERS ASSOCIATION, INC.;
AND PATRICK M. MILLETT, AS A
DIRECTOR OF SCOTCH PINE
HOMEOWNERS ASSOCIATION, INC.,
Respondents.

No. 82348

FILED

NOV 18 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order granting a special motion to dismiss under Nevada's anti-strategic lawsuit against public participation (anti-SLAPP) statutes. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.[1]

Appellants Roger and Maureen Barnes owned property in the Scotch Pines neighborhood and appeal the dismissal of their latest complaint[2] arising from long-standing disputes with their homeowners' association and neighbors serving on the association's board (collectively

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]The Barneses previously attempted to bring similar cases against SPHOA. The first was dismissed for failing to mediate. The second was dismissed for failing to include the individual directors listed as named parties in the attempted mediation.

22-36452

SPHOA). Respondent Kevin Senator was the Barneses' next-door neighbor and president of the Board. After the Barneses filed their first lawsuit, they allege SPHOA, including Senator, began harassing them at HOA meetings. After long-standing disputes with the Barneses,[3] Senator submitted a complaint to the Association about the Barneses. SPHOA then issued what they reference as a "courtesy letter" to the Barneses informing them Senator had complained that the Barneses were stalking him at his property, leaving debris and painting portions of Senator's property, and leaving "[m]annequins placed in windows that scare the neighbors." The Barneses submitted a written response denying Senator's allegations. SPHOA emails from around the same period revealed that the Board was discussing ways they could indirectly recoup expenses accrued from the previous cases brought by the Barneses through fines or future litigation.

The Barneses sued SPHOA,[4] and SPHOA moved to dismiss under Nevada's anti-SLAPP statutes. The district court granted SPHOA's motion, concluding that SHPOA established that the Barneses' claims were based on "good faith communication[s] in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). The Barneses appealed. After reviewing the

---

[3]One board member suggested via email that the issues between Senator and the Barneses began after Senator threatened Roger Barnes and several other owners and escalated after Senator began dumping dirt on the Barneses property. However, Senator alleged that during this period the Barneses were actually harassing him. Both the Barneses and Senators allegedly sought protective orders against one another.

[4]The Barneses asserted numerous claims, including breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, defamation, false light, civil conspiracy, and unlawful retaliation under NRS 116.31183.

district court's order granting the anti-SLAPP motion to dismiss de novo, *see Coker v. Sassone*, 135 Nev. 8, 11, 432 P.3d 746, 749 (2019), we reverse and remand.

Under the first prong of an anti-SLAPP analysis, the party moving for dismissal must show, "by a preponderance of the evidence, that the moving party's claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). This requires the moving party to show that the comments at issue fall into one of four categories of protected communications enumerated in NRS 41.637. *Stark v. Lackey*, 136 Nev. 38, 40, 458 P.3d 342, 345 (2020). At issue here are only two categories, NRS 41.637(3) and (4), which protect a:

> (3) Written or oral statement made in direct connection with an issue under consideration by a legislative, executive or judicial body, or any other official proceeding authorized by law; or

> (4) Communication made in direct connection with an issue of public interest in a place open to the public or in a public forum.

Once the moving party has established that the comments fall into a protected category, they must additionally show that the communication was made in good faith, or that it "is truthful or is made without knowledge of its falsehood." NRS 41.637; *see also* NRS 41.660(3)(a); *Shapiro v. Welt*, 133 Nev. 35, 39, 389 P.3d 262, 268 (2017). In determining whether a communication was "made in good faith, the court must consider the 'gist or sting' of the communication[] as a whole, rather than parsing individual words." *Rosen v. Tarkanian*, 135 Nev. 436, 437, 453 P.3d 1220, 1222 (2019) (internal quotation marks omitted).

SUPREME COURT
OF
NEVADA



(O) 1947A

3

We conclude that SPHOA's courtesy letter to the Barneses was not made in direct connection with an issue under consideration in an official proceeding authorized by law. *See* NRS 41.637(3); *see also Talega Maint. Corp. v. Standard Pac. Corp.*, 170 Cal. Rptr. 3d 453, 461 (Ct. App. 2014) (holding that an HOA meeting was not an official proceeding for the purposes of anti-SLAPP protection). Further, SPHOA's internal emails and conversations discussing future ways to recoup fees from prior litigation are not protected under NRS 41.637(3) because they were not made in connection with pending court litigation.

Additionally, we conclude that SPHOA's courtesy letter as well as internal emails and conversations regarding ways to recoup fees from prior litigation were not made in direct connection with an issue of public interest in a public forum. *See* NRS 41.637(4); *Shapiro*, 133 Nev. at 39, 389 P.3d at 268 (adopting guiding principles on what constitutes "an issue of public interest"); *see also Damon v. Ocean Hills Journalism Club*, 102 Cal. Rptr. 2d 205, 209, 212 (Ct. App. 2000) (holding that a "public forum" is a place that is open to the public or where information is freely exchanged, regardless of whether it is uninhibited or controlled). While we have held that certain communications regarding HOAs to be matters of public interest in a public forum, the SPHOA's communications here do not impact a substantial number of people, as there are only twenty homes in the neighborhood, and further were shared privately between the Barneses and SPHOA Board members.[5] *Cf. Kosor v. Olympia Companies, LLC*, 136 Nev. 705, 707-08, 478 P.3d 390, 393 (2020) (finding that statements regarding

---

[5]There do not appear to be additional communications addressed by the parties that form the basis of the Barneses' claims.

alleged misfeasance in the management of an HOA of more than 8,000 homes to be of public interest).

Furthermore, even if SPHOA showed that the communications at issue fell into one of these categories, SPHOA did not show that the gist of their communications were truthful or made without knowledge of their falsehood. Generally, "an affidavit stating that the defendant believed the communications to be truthful or made them without knowledge of their falsehood is sufficient to meet the defendant's burden absent contradictory evidence in the record." *Stark*, 136 Nev. at 43, 458 P.3d at 347. However, when no affidavit is attached, courts look to the evidence the movant provides to show that statements were made in good faith. *See Coker*, 135 Nev. at 13, 432 P.3d at 750. In their motion practice in the district court SPHOA never asserted the statements were made in good faith, nor did they include an affidavit affirming the truth of the statements made or provide other evidence to demonstrate the good faith of the statements. *See Coker*, 135 Nev. at 12-13, 432 P.3d at 750 (holding that a defendant who made no reference whatsoever in his declaration as to whether his statements were truthful or made without knowledge of their falsehood did not meet his burden under prong one of the anti-SLAPP analysis); *cf. Delucchi v. Songer*, 133 Nev. 290, 300, 396 P.3d 826, 833 (2017) (holding that a defendant demonstrated that his communication was true or made without knowledge of its falsehood when, in a declaration, he stated that the information contained in his communication "was truthful to the best of his knowledge, and he made no statements he knew to be false") (alterations omitted); *see also Taylor v. Colon*, 136 Nev. 434, 440-41, 482 P.3d 1212, 1218 (2020) (holding that a declarant's assertion that he made a communication he believed to be true and accurate constituted a showing of good faith). The

Barneses, on other hand, included a declaration from Roger Barnes which stated he could, if called as a witness, testify to the facts in the opposition to the special motion to dismiss. The Barneses also included several attachments, including emails between SPHOA Board members that suggested some degree of falsity to SPHOA's statements and cast doubt on their good faith motivations for making them.

Because SPHOA did not show that their communications were made in direct connection with an official proceeding or an issue of public interest in a public forum, nor that their communications were made truthfully or without knowledge of their falsehood, we hold that SPHOA did not meet their burden under the first prong of the anti-SLAPP analysis.

Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Cadish

_____, J.
Pickering

_____, Sr. J.
Gibbons

cc: Hon. Scott N. Freeman, District Judge
Madelyn Shipman, Settlement Judge
Doyle Law Office, PLLC
Perry & Westbrook, P.C.
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A