**136 Nev., Advance Opinion 50**

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES TAYLOR; NEVADA GAMING
CONTROL BOARD; AND AMERICAN
GAMING ASSOCIATION,
Appellants,
vs.
DR. NICHOLAS G. COLON,
Respondent.

No. 78517

FILED

DEC 31 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court order denying an anti-SLAPP motion to dismiss. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

*Reversed and remanded.*

Aaron D. Ford, Attorney General, and Theresa M. Haar, Special Assistant Attorney General, Carson City,
for Appellants James Taylor and Nevada Gaming Control Board.

McDonald Carano LLP and Jeffrey A. Silvestri and Jason B. Sifers, Las Vegas,
for Appellant American Gaming Association.

Nersesian & Sankiewicz and Robert A. Nersesian and Thea M. Sankiewicz, Las Vegas,
for Respondent.

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

*AMENDED OPINION*

By the Court, STIGLICH, J.:

We are asked to consider for the first time whether Nevada's anti-SLAPP statutes, which include a procedural mechanism to summarily dismiss meritless lawsuits aimed at chilling speech, violate the

constitutional right to a jury trial. We hold that they do not, and therefore determine that the district court did not err in concluding that Nevada's anti-SLAPP statutes are constitutional and proceeding to consider an anti-SLAPP motion to dismiss. However, we determine that the district court erred in denying appellants' anti-SLAPP motion to dismiss, because appellants demonstrated that appellant James Taylor's presentation at the Global Gaming Expo was a good-faith communication. Accordingly, we reverse the district court's order and remand for further proceedings on the motion.

## BACKGROUND

On October 2, 2017, appellant James Taylor, as Deputy Chief of the Enforcement Division of appellant Nevada Gaming Control Board (GCB), gave a presentation entitled *Scams, Cheats, and Blacklists* to approximately 300 attendees at the Global Gaming Expo, an event organized by appellant American Gaming Association (AGA). The purpose of Taylor's presentation was to identify the types of scams, cheating, and cheating devices that GCB investigated.

During a section of the presentation on the use of cheating devices, Taylor presented a nine-second video clip depicting an individual playing blackjack while holding a standard tally counter device under the table. The individual was only visible from the neck down, and Taylor did not mention the individual by name. Nonetheless, respondent Nicholas Colon, a well-known gambler who attended the presentation, claims that many attendees were able to identify the depicted individual as himself. Appellants do not dispute that Colon was depicted in the video clip.

Taylor proceeded to identify the counting device and explain that it was the only device GCB recovered that year. Colon alleges that

Taylor also stated that the person depicted in the video clip was arrested for his behavior and was a cheater and criminal, although appellants dispute Taylor saying such statements.

Colon sued Taylor, GCB, and AGA for defamation. He claimed that the video clip was presented untruthfully as an alleged exemplar of cheating. Although Colon admitted that he possessed the counting device, he maintained that such device could not be used to cheat at blackjack. He therefore asserted that the video clip and Taylor's accompanying comments were defamatory.

Appellants filed an anti-strategic lawsuit against public participation (anti-SLAPP) motion to dismiss, arguing that Taylor's presentation was a good-faith statement made in direct connection with a matter of public concern in a public forum, and that Colon could not demonstrate with prima facie evidence a probability of prevailing on his defamation claim. In support of their motion, appellants attached Taylor's declaration. Taylor first attested that he acquired all of the information, videos, and photographs contained in his presentation through GCB investigations. Second, he stated that the information contained in his presentation was true and accurate. Third, he declared that he did not state that Colon was a cheater, but rather focused his presentation on the counting device recovered by GCB. Colon opposed the motion, arguing that Nevada's anti-SLAPP statutes violated his constitutional right to a jury trial and that appellants failed to show that Taylor's presentation was made in good faith.

The district court denied appellants' anti-SLAPP motion to dismiss. Although it concluded that Nevada's anti-SLAPP statutes do not violate Colon's constitutional right to a jury trial, it found that Taylor's

 

presentation was not made in good faith. In doing so, the district court relied on declarations attached to Colon's opposition to appellants' anti-SLAPP motion to dismiss, which stated that the counting device could not be used to cheat at blackjack. The court also relied on the fact that Taylor did not dispute this contention in his own declaration. The district court therefore concluded that Taylor's presentation was neither truthful nor made without knowledge of its falsehood, and denied appellants' anti-SLAPP motion to dismiss under the first prong of the anti-SLAPP analysis. This appeal followed.

## DISCUSSION

In this appeal, we first evaluate whether Nevada's anti-SLAPP statutes violate Colon's constitutional right to a jury trial. We then consider whether the district court erred in denying appellants' anti-SLAPP motion to dismiss.

*Nevada's anti-SLAPP statutes do not violate Colon's constitutional right to a jury trial*

Nevada's constitution provides that "[t]he right of trial by Jury shall be secured to all and remain inviolate forever." Nev. Const. art. 1, § 3. The constitution "guarantees the right to have factual issues determined by a jury." *Tam v. Eighth Judicial Dist. Court*, 131 Nev. 792, 796, 358 P.3d 234, 238 (2015) (internal quotation marks omitted). Colon argues that Nevada's anti-SLAPP statutes violate his constitutional right to a jury trial.

We review the constitutionality of statutes de novo. *Silvar v. Eighth Judicial Dist. Court*, 122 Nev. 289, 292, 129 P.3d 682, 684 (2006). "Statutes are presumed to be valid, and the challenger bears the burden of showing that a statute is unconstitutional." *Tam*, 131 Nev. at 796, 358 P.3d at 237-38 (internal quotation marks omitted). "In order to meet that

burden, the challenger must make a clear showing of invalidity." *Id.* at 796, 358 P.3d at 238 (internal quotation marks omitted). Moreover, "for a statute to violate the right to trial by jury, a statute must make the right practically unavailable." *Id.* The right to a jury trial is not violated where a plaintiff has not stated a claim on which relief may be granted. *See Etalook v. Exxon Pipeline Co.*, 831 F.2d 1440, 1447 (9th Cir. 1987) ("The very existence of a summary judgment provision demonstrates that no right to a jury trial exists unless there is a genuine issue of material fact suitable for a jury to resolve.").

Nevada's anti-SLAPP statutes provide "defendants with a procedural mechanism to dismiss meritless lawsuit[s] . . . before incurring the costs of litigation." *Coker v. Sassone*, 135 Nev. 8, 10, 432 P.3d 746, 748 (2019) (first alteration in original) (internal quotation marks omitted). Specifically, NRS 41.660 allows a party to file an anti-SLAPP motion to dismiss and sets forth a two-pronged test for determining whether the district court should grant or deny such motion.

Under prong one, the defendant must show by a preponderance of the evidence that the plaintiff's claim is based upon a "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). Under prong two, the burden shifts to the plaintiff to demonstrate "with prima facie evidence a probability of prevailing on the claim." NRS 41.660(3)(b).

Colon argues that the district court superseded the jury's role because it was required to make findings of fact as to whether Taylor's presentation was a good-faith communication under prong one of the anti-

SUPREME COURT
OF
NEVADA

(O) 1947A

5

SLAPP analysis and would have to evaluate Colon's likelihood of success on his defamation claim under prong two. We disagree.

Nevada's anti-SLAPP statutes "have undergone a series of legislative changes to ensure full protection and meaningful appellate review." *Coker*, 135 Nev. at 10, 432 P.3d at 748. Prior to 2013, NRS 41.660 instructed courts to treat the anti-SLAPP motion to dismiss as a motion for summary judgment. *Id.* In October 2013, the Legislature removed the language likening the anti-SLAPP motion to dismiss to a motion for summary judgment and added a burden-shifting framework that placed a distinct burden of proof on each party. *Id.* Specifically, plaintiffs bore a higher "clear and convincing evidence" burden of proof under prong two. *Id.* However, in 2015, the Legislature decreased the plaintiff's burden of proof, requiring a plaintiff to demonstrate "with prima facie evidence a probability of prevailing on the claim." 2015 Nev. Stat., ch. 428, § 13, at 2455. As amended, the anti-SLAPP motion to dismiss "again functions like a summary judgment motion procedurally." *Coker*, 135 Nev. at 10, 432 P.3d at 748.

In their current form, we determine that Nevada's anti-SLAPP statutes do not violate Colon's constitutional right to a jury trial. Under prong one, the court must only decide whether the *defendant* met his burden to demonstrate that the relevant communications were made in good faith. *See* NRS 41.660(3)(a). Because the district court need not make any findings of fact specifically regarding a plaintiff's underlying claim and cannot defeat a plaintiff's underlying claim under prong one, we determine that prong one itself does not render the jury-trial right practically unavailable.

Under prong two, the court must only decide whether the plaintiff demonstrated with prima facie evidence a probability of prevailing on the claim. *See* NRS 41.660(3)(b). The court does not make any findings of fact. Rather, prong two merely requires a court to decide whether a plaintiff's underlying claim is legally sufficient. *See Briggs v. Eden Council for Hope & Opportunity*, 969 P.2d 564, 574-75 (Cal. 1999) (holding that California's equivalent anti-SLAPP statutes only require the court to determine whether the plaintiff stated and substantiated a legally sufficient claim); *see also* NRS 41.665(2) (stating that a plaintiff's burden under prong two is the same as a plaintiff's burden under California's anti-SLAPP law). In other words, the prima facie evidence standard requires the court to decide whether the plaintiff met his or her burden of production to show that a reasonable trier of fact could find that he or she would prevail.

We do not make light of the right to a civil jury trial, which has served as a check against unbridled despotism throughout American history and is protected as a fundamental right under Nevada's constitution. But Nevada's anti-SLAPP statutes do not interfere with the jury's ability to make findings of fact as to a plaintiff's underlying claim. Rather, they function as a procedural mechanism, much like summary judgment, that allows the court to summarily dismiss claims with no reasonable possibility of success. Upon making the requisite showing under prong two, a plaintiff can proceed to a jury trial on the underlying claim. A plaintiff who has failed to meet this burden would not have been entitled to a jury trial, even absent an anti-SLAPP motion to dismiss. The right to a jury trial is therefore still available.

Our interpretation of Nevada's anti-SLAPP statutes is consistent with numerous other jurisdictions' conclusions regarding their

own equivalent anti-SLAPP statutes. *See Briggs*, 969 P.2d at 574-75 (implying that California's anti-SLAPP statutes do not violate the right to a jury trial); *Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1236 (D.C. 2016) (interpreting Washington, D.C.'s equivalent anti-SLAPP statutes as complying with a plaintiff's right to a jury trial where dismissal requires determining that a plaintiff could not succeed as a matter of law); *Handy v. Lane Cty.*, 385 P.3d 1016, 1024-26 (Or. 2015) (noting concerns about the right to a jury trial raised in the legislative history and interpreting Oregon's equivalent anti-SLAPP statutes as to only require a plaintiff to submit sufficient evidence from which a reasonable trier of fact could find that a plaintiff met his or her burden of production); *Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 67 (Tex. App. 2018) (determining that a movant's burden to establish a valid defense by a preponderance of the evidence under Texas' equivalent anti-SLAPP statutes does not violate a plaintiff's right to a jury trial).

Notably, Colon's reliance on the Minnesota Supreme Court's and Washington Supreme Court's decisions, which held that Minnesota's and Washington's anti-SLAPP statutes violated the constitutional right to a jury trial, is misguided. *See Leiendecker v. Asian Women United of Minn.*, 895 N.W.2d 623, 636 (Minn. 2017); *Davis v. Cox*, 351 P.3d 862, 874-75 (Wash. 2015), *abrogated on other grounds by Maytown Sand & Gravel, LLC v. Thurston Cty.*, 423 P.3d 223 (Wash. 2018). Both Minnesota's and Washington's anti-SLAPP statutes included the higher burden of "clear and convincing evidence" under prong two of the anti-SLAPP analysis, whereas Nevada's anti-SLAPP statutes in their current form only require a plaintiff to demonstrate "with prima facie evidence a probability of prevailing on the claim." While the "clear and convincing" burden might interfere with a

jury's fact-finding abilities, the Nevada court's threshold determination on whether a claim is legally sufficient does not. We therefore hold that Nevada's anti-SLAPP statutes do not violate Colon's constitutional right to a jury trial.

*Appellants demonstrated that Taylor's presentation was made in good faith*

Taylor argues that the district court erred in denying his anti-SLAPP motion to dismiss under prong one of the anti-SLAPP analysis. We review a district court's grant or denial of an anti-SLAPP motion to dismiss de novo. *Coker*, 135 Nev. at 11, 432 P.3d at 749. In making such a determination, we conduct an independent review of the record and consider affidavits concerning the facts upon which liability is based. *Id.* We do not weigh the evidence, but instead accept the plaintiff's submissions as true and consider only "whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law." *Id.* (internal quotation marks omitted). The defendant's evidence, especially a declaration regarding the defendant's state of mind, is likewise entitled to be believed at this stage, at least "absent contradictory evidence in the record." *Stark v. Lackey*, 136 Nev. 38, 43, 458 P.3d 342, 347 (2020).

Under prong one, a defendant must show by a preponderance of the evidence that the plaintiff's claim is based upon a "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.660(3)(a). NRS 41.637 further defines "good faith communication" as one of four types related to public concern; relevant here is a "[c]ommunication made in direct connection with an issue of public interest in a place open to the public or in a public forum, which is truthful or is made without

knowledge of its falsehood." NRS 41.637(4);[1] *Shapiro v. Welt*, 133 Nev. 35, 40, 389 P.3d 262, 268 (2017) ("[N]o communication falls within the purview of NRS 41.660 unless it is truthful or made without knowledge of its falsehood." (internal quotation marks omitted)).

It is clear that Taylor's presentation about cheating in the gaming industry for 300 attendees of an international gaming conference was made in direct connection with an issue of public interest in a public forum. *See Shapiro*, 133 Nev. at 39, 389 P.3d at 268 (adopting guiding principles on what constitutes public interest); *Coker*, 135 Nev. at 14, 432 P.3d at 751 (reasoning that the definition of public interest should be construed broadly); *see also Damon v. Ocean Hills Journalism Club*, 102 Cal. Rptr. 2d 205, 209, 212 (Ct. App. 2000) (holding that a "public forum" is defined as a place that is open to the public or where information is freely exchanged, regardless of whether it is uninhibited or controlled). The remaining question is therefore: did appellants demonstrate that Taylor's presentation was truthful or made without knowledge of its falsehood, such that it was made in good faith?

In *Rosen v. Tarkanian*, we held that "in determining whether the communications were made in good faith, the court must consider the

---

[1]Taylor also cites NRS 41.637(3), defining a good-faith communication as a "[w]ritten or oral statement made in direct connection with an issue under consideration by a legislative, executive, or judicial body, or any other official proceeding authorized by law . . . which is truthful or is made without knowledge of its falsehood." NRS 41.637(3). However, because Taylor failed to present any argument below or on appeal as to how his presentation was a good-faith communication under this definition, we need not consider this alternative. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court . . . is deemed to have been waived and will not be considered on appeal.").

'gist or sting' of the communications as a whole, rather than parsing individual words in the communications." 135 Nev. 436, 437, 453 P.3d 1220, 1222 (2019). In other words, the relevant inquiry is "whether a preponderance of the evidence demonstrates that the gist of the story, or the portion of the story that carries the sting of the [statement], is true," *id.* at 441, 453 P.3d at 1224 (alteration in original) (internal quotation marks omitted), and not the "literal truth of each word or detail used in a statement," *id.* at 440, 453 P.3d at 1224 (internal quotation marks omitted). Furthermore, in determining good faith, this court considers "all of the evidence submitted by the defendant in support of his or her anti-SLAPP motion."[2] *Id.* at 439, 453 P.3d at 1223.

First, we note that the "gist or sting" of the challenged portion of Taylor's presentation was undeniably that a player had been caught using a cheating device in violation of NRS 465.075(1). Taylor's presentation was entitled *Scams, Cheats, and Blacklists.* It showed a video clip of a player holding the device underneath a blackjack table during a section of the presentation devoted specifically to cheating devices. Taylor's denial that he specifically called the individual in the video a "cheater" invites the court to "pars[e] individual words in the communications" to undermine a "gist or sting" that is otherwise clear. *See id.* at 440, 453 P.3d at 1224.

However, we further hold that appellants demonstrated that Taylor's presentation was made in good faith. Taylor's declaration states

---

[2]We recognize that the district court did not have the benefit of our decision in *Rosen* when it denied appellants' anti-SLAPP motion to dismiss in February 2019. The parties, however, did have the opportunity to present arguments based on *Rosen* in their briefs to this court on appeal.

that he acquired all of the information, videos, and photographs used in his presentation through GCB investigations, and that the information contained in his presentation was true and accurate. Taylor also stated that he was aware Colon had been arrested for cheating on that day and had later pleaded to a lesser offense as the result of negotiations. This declaration shows that the gist of Taylor's presentation—that the player in the video had been caught with a cheating device—was either truthful or made without knowledge of its falsehood. *See Delucchi v. Songer*, 133 Nev. 290, 300, 396 P.3d 826, 833 (2017) (holding that a defendant demonstrated that his communication was true or made without knowledge of its falsehood when, in a declaration, he stated that the information contained in his communication was truthful to the best of his knowledge and he made no statements he knew to be false).

Although "contradictory evidence in the record" may undermine a defendant's sworn declaration establishing good faith, *Stark*, 136 Nev. at 43, 458 P.3d at 347, Colon failed to contradict Taylor's claim of good faith. Colon points to declarations that, if believed, would establish that the specific counting device he was caught with cannot be used to cheat at blackjack.[3] But these declarations did not address the correct issue at prong one, which is whether Taylor *believed* Colon had been caught with a cheating device, and not whether he was correct. Accordingly, because appellants demonstrated that Taylor's presentation was truthful or made

---

[3]These declarations claim that, in order to be useful for card counting, a device must have the ability to both add low cards and subtract high cards. They further claim that a simple crowd counter such as the one depicted in Taylor's presentation can only add, not subtract. While the presentation used a stock photo, Colon stated in a declaration that the specific device he possessed was indeed a crowd counter.

without knowledge of its falsehood, the district court erred in denying appellants' anti-SLAPP motion to dismiss.

*CONCLUSION*

We hold that Nevada's anti-SLAPP statutes do not violate Colon's right to a jury trial, and therefore, the district court properly considered appellants' anti-SLAPP motion to dismiss. Because appellants sufficiently demonstrated that Taylor's presentation was made in good faith, however, we hold that the district court erred in denying that motion under prong one of the two-part inquiry. We therefore reverse the district court's order and remand for the district court to proceed to prong two of the anti-SLAPP analysis and for any further proceedings thereafter.

_____, J.
Stiglich

We concur:

_____, J.
Gibbons

_____, J.
Silver